IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNY B. MCCLINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-566-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Kenny B. McCline's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Motion is **DENIED**.

### Factual and Procedural Background

On December 12, 2017, a federal grand jury indicted McCline on one charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. McCline*, 17-cr-30200, Doc. 1. McCline pleaded guilty to the charge and entered into a written plea agreement with the Government on July 10, 2018 (Docs. 39-41). The Plea Agreement reflected the possibility that McCline would be classified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and that, if so, a 15-year mandatory minimum sentence of imprisonment would apply (Doc. 40, § 1, ¶ 1, p. 1; § III, p. 6). The Government agreed to recommend a sentence of no more than 15 years if McCline was determined to be an Armed Career Criminal. *Id*.

This Court sentenced McCline to the minimum mandatory 15-year sentence and 3 years of supervised release on October 31, 2018 (Doc. 67). McCline filed a direct appeal challenging the

indictment's failure to allege that he knew that he had been convicted of a crime punishable by a term of imprisonment of more than a year and that he should be allowed to withdraw his guilty plea. *See United States v. McCline,* 799 F. App'x 417 (7th Cir. 2020), *reh'g denied* (Apr. 28, 2020). The Seventh Circuit Court of Appeals affirmed McCline's conviction on March 31, 2020.

In his § 2255 petition, McCline challenges his career offender classification. He also filed supplemental briefs asserting that, under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the Government must prove he knew that he belonged to the relevant category of persons barred from possessing a firearm.

## Standard of Review

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. As such, relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

The district court is not required to hold an evidentiary hearing on a § 2255 motion if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, this Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary.

## Discussion

### Career Offender Designation

McCline asserts that his conviction for possession with intention to deliver cannabis should have been expunged from his record and therefore the Court misapplied the career offender Sentencing Guidelines provisions. Significantly, McCline did not move to expunge his criminal conviction until May 20, 2020 – over 18 months after he was sentenced. His motion was ultimately denied by the state court on August 27, 2020. Thus, McCline cannot establish prejudice because the conviction is valid. Even if the conviction had been expunged, that would not affect McClines's federal criminal history determined in the PSR. *See Wilson v. United States*, 413 F.3d 685, 688 (7th Cir. 2005) (an expungement that reflects completion of a sentence, passage of time, or clemency does not affect federal criminal history). Accordingly, McCline's challenge to his career offender status is denied.

### *Rehaif* Claim

In *Rehaif,* the United States Supreme Court held that to obtain a conviction under § 922(g), which prohibits certain categories of persons from possessing a firearm, the Government must prove "that the defendant knew that he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Thus, for defendants charged under § 922(g)(1), which applies to felons, the Government must prove, or the defendant must admit, "that he knew he had been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) (quoting 18 U.S.C. § 922(g)(1)).

In his § 2255 petition, McCline argues that the Court erred in convicting and sentencing him for knowingly being in violation of § 922(g)(1). As previously noted, § 2255 cannot be

employed to re-litigate issues decided on direct appeal, *Sandoval,* 574 F.3d at 850, and the Seventh Circuit recently rejected McCline's argument. *United States v. McCline,* 799 F. App'x 417 (7th Cir. 2020), *reh'g denied* (Apr. 28, 2020) (holding that McCline had served more than one-year imprisonment in four previous convictions and therefore could not plausibly argue he was unaware of his legal disability). McCline's attempt to rehash this argument here is rejected.

McCline next asserts that *Rehaif* errors are structural, citing *United States v. Gary*, 954 F.3d 194, 207-08 (4th Cir. 2020). In *Gary*, the Fourth Circuit Court of Appeals held that the district court's acceptance of the defendant's guilty plea without first informing him of the Government's burden to prove that the defendant knew that he belonged to a class of persons barred from possessing a firearm constituted "structural" error. *Gary*, 954 F.3d at 205-07. Consequently, the Court vacated the defendant's guilty plea and convictions. *Id*. at 208.

*Gary* is inapplicable to McCline's case. First, *Gary* does not support retroactive application of *Rehaif* on collateral review. Unlike the instant case, *Gary* was a direct appeal from the defendant's criminal conviction, not a collateral review case under § 2255. *Gary,* 954 F.3d at 198-99. Further, the Seventh Circuit has rejected the structural error argument. *See United States v. Maez*, 960 F.3d 949, 957-58 (7th Cir. 2020) (omission of the *Rehaif* element is not a structural error). Therefore, McCline's *Rehaif* challenge is denied.

For the foregoing reasons, McCline's Petition is **DENIED** and this action is **DISMISSED with prejudice**. All pending motions are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of

appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Ewing must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

For the foregoing reasons, this Court has determined that McCline has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, McCline has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: January 4, 2021**

**STACI M. YANDLE
United States District Judge**