# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNY B. MCCLINE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 20-cv-566-SMY |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Kenny B. McCline moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his Petition, McCline challenged his career offender classification. He also filed supplemental briefs asserting that under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the Government needed to prove he knew that he belonged to the relevant category of persons barred from possessing a firearm. On January 4, 2021, this Court denied McCline's habeas petition and entered judgment (Docs. 13, 14). McCline now moves for reconsideration (Doc. 16), which the Government opposes (Doc. 17).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts will generally construe it as a motion pursuant to Rule 59(e); later filed motions will be construed under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As McCline's motion was filed within 28 days of the entry of the January 4, 2021 Judgment, it is analyzed under Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir.2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Here, McCline challenges his career offender status – an argument that was previously made and rejected. He fails to identify any newly discovered case law or a manifest error of law or fact committed by the Court. Accordingly, the Motion for Reconsideration (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 22, 2021**

**STACI M. YANDLE**
**United States District Judge**